EIEED, P.,
delivered the opinion of the court, in which all the judges concurred.
The court is of opinion that the appellee, at the time of instituting his suit in the Circuit Court, was not entitled to recover the legacy of $1,000 bequeathed to him by Thomas E. Poythress, for two reasons: first, because the said legacy was not payable to him until after the death of Mrs. Beersheba Poythress, the testator’s widow, although she had renounced the provision made for her in her husband’s will; and secondly, because the said legacy, until after the death of Mrs. Poythress, was contingent, and if the appellee had died in her life-time it would have been payable to his sister, Oceana Harrison, as directed by the will. See Swope v. Thambers, 2 Grat. 319. Therefore, it is decreed and ordered, that *the decree of the court below be reversed with costs. And the court *523 here, proceeding to enter such decree as the court below should have entered, doth order the said bill to be dismissed with costs. But this decree is to be without prejudice to the right of the appellee, in the event of his surviving Mrs. Beersheba Poythress, to institute a new suit for the recovery of the same legacy, &c.